The Overseers of the Poor of the town of Shawangunk, *against* the Overseers of the Poor of the town of Mamakating.

Two justices may order the removal of a *pauper*, on information obtained from any source, or on suspicion. If the order states that the pauper is likely to become chargeable ; that the justices cannot discover the place of legal settlement, and that such pauper came last from the town of S. this is sufficient, without a more formal and express adjudication of the facts.

FROM the return of the *certiorari* directed to the court of general sessions in the county of Ulster, it appeared, that an order had been given by two justices of the peace, for the removal of *Sarah Hide*, a pauper, from the town of Mamakating to the town of Shawangunk. The order recited that it was made on the complaint of the *poor-masters* of the town of Mamakating ; that the justices, " after examining " the said *Sarah*, as well under oath as otherwise, could not " discover that she had any legal settlement or place of resi- " dence in any part of the world whatever ; that if suffered " to remain she was likely to become chargeable to the town ; " and that the place she last came from was the town of " Shawangunk." From this order the overseers of Shawangunk appealed to the general sessions of the peace, by whom it was confirmed.

*Fisk* in behalf of the plaintiffs in error, now moved to quash the order. 1. Because it was stated to have been made on the complaint of the *poor-masters* of the town of *Mamakating*, when no officers of that name are known in law, or authorised to make complaint. 2. Because it requires the overseers of the town of *Shawangunk*, to receive the pauper &c. without *adjudging* that she was legally settled in that town.

1. He contended, that the justices were not authorised to remove any person unless upon complaint of the *overseers of the poor*, or from their own knowledge or belief, that such a person is likely to become chargeable ; and the grounds, or reason for such removal ought to appear in the order. The compla nt is a substantial part of the order, and it ought to be made by the persons designated by law for that pur-

ALBANY,
Feb. 1806.

Overseers of
Shawangunk
v.
Overseers of
Mamak. &c.

pose. Here it was done, on the complaint of *poor-masters*, and unless the court will intend that they are the *overseers of the poor*, this exception must be fatal. Laws of N. Y. Vol. 1, p. 530. § 7. *Rex.* v. *Hareby.* 3 *Burn's Justice* 566. 2 *Bott.* 636. 2 *Andrews*, 361. "The removal is bad if "it do not set forth any complaint made ; for the complaint "is the foundation of the justices' jurisdiction." In 2 *Salk.* 482. *Rex* v. *inhabitants of Weston Rivers &c.* it is said, "that a complaint from one not concerned, is nothing."

2. The order merely *recites*, that the pauper had no place of legal settlement; and that she came last from the town of *Shawangunk;* but there is no express adjudication of the facts. The authorities on this point shew that there must be an adjudication, for want of which the courts have uniformly quashed the order of removal. 1 *Burrows Set. Cases*, 39, 76, 584. 2. *Bott's Poor Laws*, 643. *Bury* v. *Arundel*, 645. *Rex* v. *Middleton*, 647. *Rex* v. *Weswood. Ufculm* v. *Clysthydon*, 648. *ibid. Trowbridge* v. *Weston*, 643. *ibid.*

*L. Elmendorf*, contra. No particular form of order is prescribed. The justices are, to make one according to the nature of the case. The present is well enough, and the first exception is of no force, as the act allows the justices to re-move, on any information, or on their own knowledge.

As to the second exception, it may be said, that the order of removal may be made on two grounds, either on an adjudication of a *legal settlement* of the pauper, or as a *vagrant.* This order expressly declares, that the justices do not know where *Sarah Hide* had her legal settlement, but directs her to be sent back to *Shawangunk, from whence she last came*, which are the words of the act. There is, therefore, a substantial and sufficient adjudication of the facts.

*Fisk* in reply. Whether it be an order of removal, or a *vagrant warrant*, yet it should contain an express adjudication. It must either adjudge the place of the pauper's legal settlement to be at S, or that she is likely to become chargeable, and that she last came from such a town. The making of the order or warrant, is a *judicial* act, and the adjudication should be set forth. It is the duty of the justices to hear, examine

<div style="margin-note">
ALBANY
Feb. 1806.

M'Cumber
v.
T. & E. Good-
rich.
</div>

and *adjudge*. The law will not allow them to remove upon light or trivial cases ; their order should be clear, precise, and definite. The adjudication is the substance and basis of the order. It cannot be presumed, but must be distinctly expressed. This is not a mere travelling order or warrant, as it is called, for it directs the overseers of S, to receive and provide for the pauper ; such an order is directed to the constable of the next town, and so from him to the next. In either case, however, an adjudication is necessary.

*Per Cur iam.* The justices may act on information obtained from any source, or on their own suspicion. The order of the two justices states, that they do not discover that the *pauper* had any legal settlement in this state ; and it expressly finds that *she came from Shawangunk.* This is a sufficient adjudication of the fact, to authorise them to send her back to that town.

<div style="text-align:right">Motion denied.</div>